11-3672-ag
Mushtaq v. Holder

BIA
Mulligan, IJ
A088 345 231

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand thirteen.

PRESENT:
   REENA RAGGI,
   DEBRA ANN LIVINGSTON,
   CHRISTOPHER F. DRONEY,
      *Circuit Judges.*

_____

KHURRAM MUSHTAQ,
      *Petitioner,*

   v.                                           11-3672
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, Esq.,
                       New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Paul Fiorino,
                       Senior Litigation Counsel, Judith R.
                       O'Sullivan, Trial Attorney, Office
                       of Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Khurram Mushtaq, a native and citizen of Pakistan, seeks review of an August 25, 2011, order of the BIA, affirming the June 8, 2009, decision of Immigration Judge ("IJ") Thomas Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Khurram Mushtaq*, No. A088 345 231 (B.I.A. Aug. 25, 2011), *aff'g* No. A088 345 231 (Immig. Ct. N.Y.C. June 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the REAL ID Act, such as this one, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether

2

they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.").  Here, the agency did not err in denying relief, as there was substantial evidence to support the agency's adverse credibility finding.

The agency reasonably relied in part on Mushtaq's demeanor, finding that on numerous occasions Mushtaq paused prior to responding to questions, conveying the impression that his testimony had been scripted.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  Mushtaq's credibility was also undermined by the fact that neither his original and amended asylum application nor his father's affidavit mentioned that Pakistani authorities came to Mushtaq's family's home on multiple occasions to search for him, as Mushtaq later testified.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3.  A reasonable fact finder would not be compelled to credit Mushtaq's explanation for this omission.  *See Majidi*, 430 F.3d at 80-81.

The agency's adverse credibility determination was further supported by Mushtaq's failure to provide detailed testimony. "Where an applicant gives very spare testimony . . . the IJ . . . may fairly wonder whether the testimony is fabricated." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc). As the agency found, Mushtaq, when questioned, was unable to describe the content of his political speeches. Although "a finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien," *Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008), here, the IJ probed Mushtaq for additional details and, as noted above, did not rely solely on vagueness to support the adverse credibility determination.

Having already reasonably called Mushtaq's credibility into question, the agency permissibly relied on Mushtaq's failure to present evidence to corroborate the length of his hospital stay, his marriage and application for asylum while living in Argentina, and the publication of his two newspaper

4

articles criticizing Pakistan's military regime and advocating for democratic reform. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that agency may rely on lack of corroborative evidence where applicant's testimony is not otherwise credible). Although the IJ erred in finding that Mushtaq failed to testify that x-rays were taken of his right shoulder during his alleged one-week hospital stay, remand would be futile because there is little doubt that the agency would still find Mushtaq not credible even absent this factual error. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

In sum, given the demeanor finding, the omissions, and the lack of detail and corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of Mushtaq's claims for asylum, withholding of removal, and CAT relief, as those claims were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court